## EXHIBIT 1

**Defendants' Responses and Objections to Plaintiffs' First Set of
Interrogatories and Requests for Admissions, dated March 23, 2026**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **JESSE BRUMBAUGH, ET AL.,** : | |
| : | **Case No. 1:25-cv-00269-DRC** |
| Plaintiffs, : | |
| : | **Judge Douglas R. Cole** |
| v. : | |
| : | **DEFENDANTS' RESPONSES AND** |
| **BARRETT SINGLETON, ET AL.** : | **OBJECTIONS TO PLAINTIFFS'** |
| : | **FIRST SET OF INTERROGATORIES** |
| Defendants. : | **AND REQUESTS FOR ADMISSIONS** |
| : | |
| : | |

Defendants Barrett Singleton and Claire Singleton (jointly, "Defendants") by and through

counsel, hereby submit the following responses and objections to Plaintiffs Jesse Brumbaugh and

Jennifer Foster's (jointly, "Plaintiffs") First Set of Interrogatories and Requests for Admissions

("Requests").

Defendants state that the investigation into the matter requested herein is ongoing and

reserves the right to supplement the responses. Further, Defendants state that the responses to

the Requests shall not constitute an admission by Defendants regarding the admissibility or

relevance of any information. The fact that Defendants have responded in part or at all to any of

the Requests herein is not intended to be and shall not be construed as a waiver by Defendants of

all or any part of any objection to such Request.

### **GENERAL OBJECTIONS**

1.      Defendants have not completed their investigation of the facts relating to this case,

their discovery in this case, or their preparation for trial. The responses contained herein are based

only upon the information and documents presently available to and known by Defendants.

Nothing contained herein shall preclude Defendants from further research and investigation of the

facts or from presentation of the results of that result and investigation to the trier of fact at the time of trial.

2.     The following responses are provided without prejudice to the right of Defendants to produce and introduce at the time of trial subsequently discovered evidence relating to the proof of presently unknown material facts, and to produce and introduce all evidence when discovered relating to proof of subsequently discovered material facts.  Moreover, because the facts and evidence now known may be imperfectly understood, or the relevance or consequence of certain facts and evidence may be imperfectly understood, such facts and evidence in good faith may not be included in the following responses.  Defendants reserve the right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial, any and all documents and things notwithstanding the responses and objections interposed herein.

3.     To the extent that a Request has not been objected to, Defendants have used reasonable diligence to obtain facts, documents, and things responsive to the Requests responded to herein.  To the extent that Plaintiffs seek to require Defendants to do more than the foregoing, the Requests are objected to on the grounds that they are not relevant to any party's claim or defense, not proportional to the needs of the case, and impose an undue burden and expense not commensurate with any legitimate discovery need.

4.     Defendants object to the Requests since they seek information neither relevant to the issues raised in this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

5.     Defendants object to Plaintiff's First Set of Interrogatories since they are overly broad, unduly burdensome, unreasonable, vexatious, harassing, and oppressive, and impose an undue expense. By responding to the Requests, Defendants will not undertake to provide any facts

or documents that are not relevant to any party's claims or defense or not proportional to the needs of this case, and Defendants expressly disavow any obligation or undertaking not interposed by the Federal Rules of Civil Procedure, the Local Rules of the U.S. District Court for the Southern District of Ohio, or any other applicable law.

6. Defendants object to the Requests since they are vague and ambiguous.

7. Defendants object to the Requests since they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other rule of privilege or confidentiality provided by law. Defendant further objects since the Requests seek information where such disclosure would violate the privacy rights of individuals.

8. Defendants object to the Requests since they purport to impose upon Defendant any obligations which are greater than, or inconsistent with, those imposed by the Federal Rules of Civil Procedure and/or the Rules of this Court.

9. Defendants object to the Requests to the extent they seek disclosure of opinions, mental impressions, conclusions or legal theories of Defendant's counsel or other representatives.

10. Defendants state that the investigation into the matter requested herein is ongoing and reserves the right to supplement the responses.

11. Defendants state that the responses shall not constitute an admission by Defendant regarding the admissibility or relevance of any information.

12. All of the foregoing general objections are incorporated in the following responses to Plaintiffs' Requests, whether or not any specific general objection is referenced therein.

### INTERROGATORIES

1.      Identify each person responding to or assisting in the response to these Discovery Requests

(to include those asked to provide factual information concerning the responses), including the full

name and current address of each person so identified.

**RESPONSE:**

**Defendants with the assistance of counsel.**

2.      If any one of your responses to the below Requests for Admission was anything other than

an unqualified admission, please state the good faith reason(s) why you cannot admit the matter(s)

requested.

**RESPONSE:**

**See Defendants' respective responses to the Requests for Admissions.**


### REQUESTS FOR ADMISSION

1.      Admit that Defendants took title to the Property on or about October 23,

2017.

**RESPONSE: Admit.**

2.      Admit that **Exhibit A** attached hereto is a genuine copy of the fiduciary deed that

Defendants received to take title to the Property.

**RESPONSE: <u>Objection</u>: This request seeks information publicly available and equally available to Plaintiffs.  Further objection as the term "genuine" is vague and ambiguous.**

**Subject to and without waiving any objections, Defendants admit only that the document attached as Exhibit A to the Requests purports to be a copy of the fiduciary deed that Defendants received for the Property.  Defendants lack knowledge to either admit or deny whether Exhibit A is a "genuine" copy because it is neither certified nor authenticated.**

3.      Admit that there is a residential home on the Property that was constructed prior to

1978, in which Defendants lived for multiple years.

**RESPONSE: <u>Objection</u>: This request is compound and seeks information within the Plaintiffs' knowledge and/or possession.**

**Subject to and without waiving any objections, Defendants admit that they lived at the residential home on the Property until the sale to the Plaintiffs and that home was constructed prior to 1978.**

4.      Admit that the City of Cincinnati Health Department issued Defendants

an Order to Control Lead Hazards dated March 8, 2019.

**RESPONSE:**

**RESPONSE: <u>Objection</u>: This request seeks information publicly available and equally available to Plaintiffs.**

**Subject to and without waiving any objections, Defendants admit only that the City of Cincinnati Health Department issued an Order to Control Lead Hazards to Defendants. Defendants lack knowledge to either admit or deny the date of the Order to Control Lead Hazards.**

5.      Admit that **Exhibit B** attached hereto is a genuine copy of the Order to Control

Lead Hazards dated March 8, 2019 that the City of Cincinnati Health Department issued to

Defendants.

**RESPONSE: <u>Objection</u>: This request seeks information publicly available and equally available to Plaintiffs.  Further objection as the term "genuine" is vague and ambiguous.**

**Subject to and without waiving any objections, Defendants admit only that the document attached as Exhibit B to the Requests purports to be a copy of the Order to Control Lead Hazards from the City of Cincinnati Health Department to Defendants.  Defendants lack**

**knowledge to either admit or deny whether Exhibit B is a "genuine" copy because it is neither certified nor authenticated.**

6.      Admit that the Order to Control Lead Hazards dated March 8, 2019 included a Lead Based Paint Inspection and Lead Risk Assessment Report concerning the Property.

**RESPONSE:** <u>**Objection**</u>**: This request seeks information publicly available and equally available to Plaintiffs.**

**Subject to and without waiving any objections, Defendants admit that the document attached as Exhibit B to the Requests includes a "Lead Based Paint Inspection and Lead Risk Assessment Report" for the Property.**

7.      Admit that the City of Cincinnati Health Department issued Defendants a Notice of Compliance dated February 11, 2020.

**RESPONSE:** <u>**Objection**</u>**: This request seeks information publicly available and equally available to Plaintiffs.**

**Subject to and without waiving any objections, Defendants admit only that the City of Cincinnati Health Department issued a Notice of Compliance to Defendants.  Defendants lack knowledge to either admit or deny the date of the Notice of Compliance.**

8.      Admit that **Exhibit C** attached hereto is a genuine copy of the Notice of Compliance dated February 11, 2020 that the City of Cincinnati Health Department issued to Defendants.

**RESPONSE:**

**RESPONSE:** <u>**Objection**</u>**: This request seeks information publicly available and equally available to Plaintiffs.  Further objection as the term "genuine" is vague and ambiguous.**

**Subject to and without waiving any objections, Defendants admit only that the document attached as Exhibit C to the Requests purports to be a copy of the Notice of Compliance from**

the City of Cincinnati Health Department to Defendants.  Defendants lack knowledge to either admit or deny whether Exhibit C is a "genuine" copy because it is neither certified nor authenticated.

9.      Admit that the Notice of Compliance dated February 11, 2020 included a Clearance Examination Report concerning lead hazards at the Property.

**RESPONSE: Objection: This request seeks information publicly available and equally available to Plaintiffs.**

**Subject to and without waiving any objections, Defendants admit only that the document attached as Exhibit C to the Requests includes a "Clearance Examination Report" for the Property.**

10.      Admit that Defendants and Plaintiffs entered into a Contract to

Purchase dated April 27, 2021 concerning the Property.

**RESPONSE: Objection: This request seeks information within the Plaintiffs' knowledge and/or possession.**

**Subject to and without waiving any objections, admit.**

11.      Admit that **Exhibit D** attached hereto is a genuine copy of the Contract to Purchase

dated April 27, 2021 between Defendants and Plaintiffs.

**RESPONSE: Objection: This request seeks information within the Plaintiffs' knowledge and/or possession.**

**Subject to and without waiving any objections, admit only that the document attached as Exhibit D to the Requests appears to be a copy of the Contract to Purchase the Property between Defendants and Plaintiffs.  Defendants lack knowledge to either admit or deny whether Exhibit D is a "genuine" copy because it is neither certified nor authenticated.**

12.      Admit that, prior to the execution of the above-referenced Contract to Purchase,

Defendants had read the above-referenced Order to Control Lead Hazards and Notice of

Compliance.

**RESPONSE: Deny.  Defendants did not read the Order to Control Lead Hazards or the Notice of Compliance in their entirety.**

13. Admit that, prior to the execution of the above-referenced Contract to Purchase, Defendants never provided Plaintiffs with any portion of the above-referenced Order to Control Lead Hazards or Notice of Compliance.

**RESPONSE: <u>Objection</u>: This request seeks information within the Plaintiffs' knowledge and/or possession.**

**Subject to and without waiving any objections, admit.**

14. Admit that, prior to the execution of the above-referenced Contract to Purchase, Defendants never informed Plaintiffs about the above-referenced Order to Control Lead Hazards or Notice of Compliance.

**RESPONSE: <u>Objection</u>: This request seeks information within the Plaintiffs' knowledge and/or possession.**

**Subject to and without waiving any objections, admit.**

15. Admit that Defendant Barrett Singleton executed a form entitled Lead-Based Paint Disclosures Housing Sales on March 20, 2021.

**RESPONSE: <u>Objection</u>: This request seeks information within the Plaintiffs' knowledge and/or possession.**

**Subject to and without waiving any objections, admit only that Defendant Barrett Singleton executed a form entitled Lead-Based Paint Disclosures Housing Sales. Defendants lack knowledge to either admit or deny the date of execution.**

16. Admit that Defendant Claire Singleton executed the same form entitled Lead-Based Paint Disclosures on March 23, 2021.

**RESPONSE: <u>Objection</u>: This request seeks information within the Plaintiffs' knowledge and/or possession.**

**Subject to and without waiving any objections, admit only that Defendant Claire Singleton executed a form entitled Lead-Based Paint Disclosures Housing Sales. Defendants lack knowledge to either admit or deny the date of execution.**

17.     Admit that **Exhibit E** attached hereto is a genuine copy of the form entitled Lead-Based Paint Disclosures that Defendants executed in March of 2021.

**RESPONSE:  Objection: This request seeks information publicly available and equally available to Plaintiffs.  Further objection as the term "genuine" is vague and ambiguous.**

**Subject to and without waiving any objections, Defendants admit only that the document attached as Exhibit E to the Requests purports to be a copy of the form entitled Lead Based Paint Disclosures that Defendants executed.  Defendants lack knowledge to either admit or deny whether Exhibit E is a "genuine" copy because it is neither certified nor authenticated. Further answering, Defendants deny that Exhibit E is a copy of the Lead-Based Paint Disclosures form that was fully executed by all the parties hereto.**

18.     Admit that Defendants stated on the above-referenced form entitled Lead-Based Paint Disclosures that "Seller has no reports or records pertaining to lead-based paint and/or lead based paint hazards in the housing."

**RESPONSE: This request seeks information within the Plaintiffs' knowledge and/or possession.**

**Subject to and without waiving any objections, admit.**

19.     Admit that the Purchase to Contract between Plaintiff and Defendants was eventually closed, and Defendants sold the Property to Plaintiffs.

**RESPONSE: Objection: This request seeks information within the Plaintiffs' knowledge and/or possession.**

**Subject to and without waiving any objections, admit.**

20.     Admit that, prior to closing, Defendants never provided Plaintiffs with any

portion of, or informed Plaintiffs about, the above-referenced Order to Control Lead Hazards or

Notice of Compliance.

**RESPONSE: Objection: This request seeks information within the Plaintiffs' knowledge and/or possession.**

**Subject to and without waiving any objections, admit.**

21.     Admit that Defendants executed a general warranty deed conveying the

Property to Plaintiffs on August 3, 2021.

**RESPONSE:  Objection: This request seeks information within the Plaintiffs' knowledge and/or possession.**

**Subject to and without waiving any objections, admit.**

22.     Admit that **Exhibit F** is a genuine copy of the general warranty deed

that Defendants executed on August 3, 2021.

**RESPONSE: Objection: This request seeks information publicly available and equally available to Plaintiffs.  Further objection as the term "genuine" is vague and ambiguous.**

**Subject to and without waiving any objections, Defendants admit only that the document attached as Exhibit F to the Requests appears to be a copy of the general warranty deed that Defendants executed.  Defendants lack knowledge to either admit or deny whether Exhibit B is a "genuine" copy because it is neither certified nor authenticated.**

23.     Admit that Defendants knew they had a legal obligation to disclose to Plaintiffs the above-referenced Order to Control Lead Hazards and Notice of Compliance.

**RESPONSE: Objection: This request seeks a legal conclusion and/or legal opinion.  Further objection as the term "genuine" is vague and ambiguous.**

**Subject to and without waiving any objections, deny.  Further answering, Defendants did not know of the legal obligation to disclose the Order to Control Lead Hazards or the Notice**

**of Compliance and Defendants did not have possession of the Order to Control Lead Hazards or the Notice of Compliance at the time of the sale to Plaintiffs.**

As to all objections herein,

*/s/ Christopher R. Jones*
Christopher R. Jones (OH #0092351)

Respectfully submitted,

*/s/ Christopher R. Jones*
Christopher R. Jones (OH #0092351)
Jeffrey M. Nye (OH #0082247)
SSP LAW CO., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
crj@sspfirm.com
jmn@sspfirm.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on March 24, 2026, a copy of the foregoing was sent via electronic mail to the individuals

listed below.

*/s/ Christopher R. Jones*
Christopher R. Jones (OH # 0092351)

J.P. Burleigh, Esq.
Sean S. Suder, Esq.
SUDER, LLC
1502 Vine Street, Fourth Floor
Cincinnati, OH 45202
jp@ssuder.com
sean@ssuder.com
*Counsel for Plaintiffs*