**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **JESSE BRUMBAUGH,** *et al.*, | : | **Case No. 1:25-cv-00269-DRC** |
| | : | |
| **Plaintiffs,** | : | **JUDGE DOUGLAS R. COLE** |
| | : | |
| v. | : | |
| | : | |
| **BARRETT SINGLETON,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

---

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON
LIABILITY AS TO COUNT I OF THEIR COMPLAINT (VIOLATION OF
RESIDENTIAL LEAD-BASED PAINT HAZARD REDUCTION ACT OF 1992)**

**(ORAL ARGUMENT REQUESTED)**

---

In Count I of their Complaint (Doc. 1), Plaintiffs Jesse Brumbaugh and Jennifer Foster asserted a claim against Defendants Barrett Singleton and Claire Singleton for violations of the Residential Lead-Based Paint Hazard Reduction Act of 1992, 42 U.S.C. §§ 4851–4856 (the "RLPHRA"). Plaintiffs hereby move the Court to grant partial summary judgment in Plaintiffs' favor as to Count I and enter an order concluding that Defendants have knowingly violated the RLPHRA.

Please note that this motion only addresses the issue of Defendants' *liability* under the RLPHRA. Plaintiffs reserve the issues of actual and treble *damages* under the RLPHRA for trial.

A memorandum in support is included below for the Court's consideration.

1

Date: July 16, 2026

Respectfully submitted,

/s/ J.P. Burleigh
J.P. Burleigh (0101560)
Sean S. Suder (0078535)
SUDER, LLC
1502 Vine Street, Fourth Floor
Cincinnati, OH 45202
(513) 694-7500
jp@ssuder.com
sean@ssuder.com
*Counsel for Plaintiffs Jesse*
*Brumbaugh and Jennifer Foster*

2

## MEMORANDUM IN SUPPORT

### I.   INTRODUCTION

This is a straightforward case of undisclosed lead hazard reports. Before Plaintiffs purchased their home from Defendants, the City of Cincinnati Health Department issued to Defendants a formal Order to Control Lead Hazards, accompanied by a detailed lead risk assessment report (the "Order") identifying lead-based paint hazards throughout Defendants' property located at 4057 Beechwood Avenue in the City of Cincinnati (the "Property"). The Order warned Defendants that federal law required them to disclose and provide a copy of that report to any future purchaser. Defendants later received a Notice of Compliance, which contained another report and a similar warning regarding Defendants' disclosure duties under federal law. But Defendants ignored these warnings. Instead, Defendants failed to disclose both the Order and the Notice of Compliance to Plaintiffs. Further, Defendants affirmatively represented to Plaintiffs that Defendants had "no reports or records pertaining to lead-based paint and/or lead based paint hazards in the housing" on the federally mandated form entitled "Disclosure of Information on Lead-Based Paint and/or Lead-Based Paint Hazard" (the "Disclosure Form").

The RLPHRA exists to prevent exactly this, by requiring sellers of pre-1978 housing to give purchasers lead hazard information and reports before the parties become contractually obligated. The statute imposes liability for treble damages on any seller who knowingly fails to do so. The undisputed record in this matter, including Defendants' own admissions, establishes every element of Defendants'

3

knowing violation of the RLPHRA. Specifically: (1) Defendants owned pre-1978 target housing; (2) they sold it to Plaintiffs; (3) they received and were aware of lead hazard reports concerning the Property; and (4) they failed to provide those reports to Plaintiffs before closing and instead certified that no such reports existed.

Defendants maintain that they did not "knowingly" violate the RLPHRA, because they claim to have not known of their legal obligation to provide the Disclosure. Yet even if we accept Defendants' claim as true, *arguendo*, their defense still fails as a matter of law because courts have squarely held that, for purposes of the scienter requirement of the RLPHRA, "knowingly" means that the seller was aware of its failure to provide the required lead-hazard disclosures, and not whether the seller knew its failure to provide such lead-hazard disclosures was unlawful. See *Smith v. Coldwell Banker Real Estate Servs.*, 122 F. Supp. 2d 267, 273–74 (D. Conn. 2000) ("'Knowingly' as commonly used and interpreted means that defendant was aware of his or her conduct"). This rule is in accord with how the U.S. Supreme Court applies the word "knowingly" in federal liability statutes. *Elonis v. United States*, 575 U.S. 723, 752 (2015) ("It has long been settled that 'the knowledge requisite to knowing violation of a statute is factual knowledge as distinguished from knowledge of the law.'") (quoting *Bryan v. United States*, 524 U.S. 184, 192 (1998)).

Since Defendants admit their knowledge of the Order and the Notice of Compliance and that they provided neither document to Plaintiffs, they have "knowingly" violated the RLPHRA. Sister courts have granted summary judgment establishing liability on materially identical facts. See *Smith*, 122 F. Supp. 2d at 274

4

(granting summary judgment on liability where defendant "knowingly violated the Act by failing to ensure the purchasers were timely provided a copy" of a lead paint report); see also *Kearney v. Elias*, No. 07-cv-149-JL, 2008 U.S. Dist. LEXIS 61364, at *11–12 (D.N.H. Aug. 11, 2008) ("Because the undisputed facts conclusively show that Elias violated the Act's mandate to provide the plaintiffs with a lead hazard evaluation report available to her, the plaintiffs' motion for summary judgment on Count I is granted."). Plaintiffs thus ask the Court to do the same here, and to reserve only the amount of damages for trial.

## II.   FACTS

The facts material to this motion are set forth in Plaintiffs' Statement of Proposed Undisputed Facts and the exhibits cited therein (the "SUF"), attached to this motion in accordance with Judge Douglas R. Cole's Standing Order on Civil Procedures. The facts most pertinent to liability, nearly all of which Defendants have admitted, are summarized briefly here.

The Property at 4057 Beechwood Avenue in Cincinnati, Ohio is residential housing constructed before the year 1978. SUF ¶ 1; Defendants' Responses and Objections to Plaintiffs' First Set of Interrogatories and Requests for Admissions ("Def. Responses") at RFA #3, Doc. Doc. 21-1 at PageID 561. Defendants took title to the Property in October 2017, lived there for several years, and sold it to Plaintiffs in 2021. SUF ¶¶ 2–3, 21; Def. Responses at RFA #1, #3, #19, and #21, Doc. 21-1 at PageID 561-562 and 566-567. In March 2019, the City of Cincinnati Health Department issued the Order to Defendants, which expressly stated that federal law

"requires sellers and lessors of residential units constructed prior to 1978 * * * to disclosure [sic] and provide a copy of this report to new purchasers and lessees before they become obligated under a lease or sales contract." SUF ¶¶ 4, 8; Def. Responses at RFA #4, Doc. 21-1 at PageID 562; Affidavit of Records Custodian of the Cincinnati Health Department Lead Poisoning Prevention Program ("City Records") at CHD 003 and 011, Doc. 21-2 at PageID 573 and 581. The City later issued a Notice of Compliance, which likewise included a clearance report concerning lead hazards and repeated the same federal disclosure warning. SUF ¶¶ 11-14; Def. Responses at RFA #7, Doc. 21-1 at PageID 563; City Records at CHD 061-075, Doc. 21-2 at PageID 631-645.

The Order and the Notice of Compliance contained information and requirements that run with the land and will practically impact the future use of the Property by any person. As stated above, the Property's owner must disclose the Order and Notice of Compliance to any prospective tenant or owner. SUF ¶¶ 8, 14; City Records at CHD 011 and 062, Doc. 21-2 at PageID 581 and 632. This duty continues until the structure is demolished, regardless of whether and how much lead hazard remediation work is performed in the meantime. SUF ¶ 9; City Records at CHD 016, Doc. 21-2 at PageID 586. Further, the Order stated that ongoing monitoring of lead hazards will be necessary, including "visual assessments" by the property owner once per year and "re-evaluations" by a certified lead risk assessor every two years. SUF ¶ 10; City Records at CHD 015, Doc. 21-2 at PageID 585.

Before the parties entered into their Contract to Purchase, Defendants never provided Plaintiffs with any portion of the Order or the Notice of Compliance, and never informed Plaintiffs that those documents existed. SUF ¶¶ 16-17; Def. Responses at RFA #13 and #14, Doc. 21-1 at PageID 565. Instead, Defendants represented on a form entitled Lead-Based Paint Disclosures Housing Sales that the "Seller has no reports or records pertaining to lead-based paint and/or lead based paint hazards in the housing." SUF ¶¶ 18-20; Def. Responses at RFA #15 and #16, Doc. 21-1 at PageID 565; First Affidavit of Jennifer Foster at 3, Doc. 21-3 at PageID 649. The sale eventually closed, and Defendants conveyed the Property to Plaintiffs on or about August 3, 2021. SUF ¶ 21; Def. Responses at RFA #19 and #21, Doc. 21-1 at PageID 566-567. At no point before closing did Defendants disclose the Order or Notice of Compliance to Plaintiffs. SUF ¶ 22; Def. Responses at RFA #20, Doc. 21-1 at PageID 567; First Affidavit of Jennifer Foster at ¶ 3, Doc. 21-3 at PageID 649.

## III.   LAW & ARGUMENT

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine dispute. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is met, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-moving party "may not rest on the mere allegations or denials of his pleadings." *Id.* at 256. A dispute is only "genuine" if a reasonable jury could return a

verdict for the non-moving party. *Id.* at 248. Here, the material facts are undisputed and the only contested issue is the meaning of "knowingly" for purposes of the scienter requirement in the RLPHRA, which is a pure question of law.

### A.   Rule 56 authorizes partial summary judgment that establishes liability while reserving damages for trial.

Rule 56 expressly permits a party to move for summary judgment on "part of [a] claim," Fed. R. Civ. P. 56(a), and authorizes the Court to enter an order establishing any material fact "not genuinely in dispute" and to "treat[] the fact as established in the case," Fed. R. Civ. P. 56(g). As this Court has recognized: "It is well-established that a court may grant partial summary judgment that establishes the existence of certain facts or liability, even though no actual judgment is entered on a claim. * * * Rule 56 clearly empowers a court to enter summary judgment which decides only the issue of liability and allows for a trial on the matter of damages." *Heeter v. J. Peterman Enters., LLC*, No. 2:15-cv-3062, 2017 U.S. Dist. LEXIS 154564, *12 (S.D. Ohio Sep. 21, 2017) (citing *Brauer v. Pannozzo*, 232 F. Supp. 2d 814, 818 (N.D. Ohio 2002)). That is precisely the relief Plaintiffs request here: an adjudication of liability under Count I, with the amount of Plaintiffs' actual and treble damages left for trial.

### B.   The RLPHRA requires sellers of pre-1978 housing to disclose known lead hazard information and to provide available reports before entering a purchase contract, and imposes treble damages liability for a knowing failure to do so.

The RLPHRA directs that, "before the purchaser * * * is obligated under any contract to purchase" target housing, the seller must "disclose to the purchaser * * *

the presence of any known lead-based paint, or any known lead-based paint hazards," and must "provide to the purchaser * * * any lead hazard evaluation report available to the seller." 42 U.S.C. § 4852d(a)(1)(B); see also 24 C.F.R. § 35.88; 40 C.F.R. § 745.107. "Target housing," as used here, means housing constructed before 1978. 42 U.S.C. § 4851b(27); 24 C.F.R. § 35.86; 40 C.F.R. § 745.103.

These are two independent obligations. As one court explained in granting summary judgment to purchasers, even a seller who discloses the presence of hazards may still violate "the Act's independent requirement that the seller provide to the purchaser * * * any lead hazard evaluation report available to the seller." *Kearney*, 2008 U.S. Dist. LEXIS 61364, at *11 (D.N.H. Aug. 11, 2008) (granting plaintiffs summary judgment on liability under § 4852d where the undisputed facts showed defendant failed to provide a lead-hazard evaluation report in her possession) (internal quotation marks omitted). See also *Smith*, 122 F. Supp. 2d at 271 ("it is clear that simply putting the plaintiffs on notice of the lead paint report's existence does not satisfy the statutory requirement that the report be provided to the purchaser").

The RLPHRA also expressly provides for a private right of action to recover treble damages: "Any person who knowingly violates the provisions of this section shall be jointly and severally liable to the purchaser or lessee in an amount equal to 3 times the amount of damages incurred by such individual." 42 U.S.C. § 4852d(b)(3); see *Roberts v. Hamer*, 655 F.3d 578, 582 (6th Cir. 2011) (the RLPHRA "authorizes private enforcement through civil actions"). The elements of a disclosure violation are therefore: (1) the property is target housing; (2) the defendant is a seller of that

9

housing; (3) the defendant knew of lead-based paint, lead-based paint hazards, or a lead hazard evaluation report; and (4) the defendant failed to disclose that information or provide that report to the purchaser before the purchaser became contractually obligated. Notably, substantial compliance is not a defense under the RLPHRA. *Naegele v. Tonius*, Case No. CV06-7617-GW(PLAx), 2007 U.S. Dist. LEXIS 110862, *7 (C.D. Cal. Jul. 9, 2007) (citing *Smith*, 122 F. Supp. 2d at 273-73 and *Keegan v. Kivitz*, Case No. C 04-04470 SI, 2005 U.S. Dist. LEXIS 49137 (N.D. Cal. Aug. 22, 2005)). Thus, if any one of the four elements stated above is lacking, the seller is liable to the purchaser for treble damages.

### C. The undisputed facts, which Defendants have largely admitted, establish every element of a disclosure violation.

Each element of a disclosure violation is established in this case by undisputed evidence, including Defendants' own admissions in their responses to Plaintiffs' Requests for Admission.

**Target housing.** Defendants admit that a residential home built before 1978 sits on the Property and that they lived in it for years before selling it. SUF ¶¶ 1, 3; Def. Responses at RFA #3 and #19, Doc. 21-1 at PageID 562 and 566. The Property is therefore "target housing." 42 U.S.C. § 4851b(27).

**Sellers and purchasers.** Defendants admit that they took title to the Property, entered into a Contract to Purchase with Plaintiffs, and sold and conveyed the Property to Plaintiffs by general warranty deed. SUF ¶¶ 2–3, 15, 21; Def. Responses at RFA #1, #3, #10, #19, and #21; Doc. 21-1 at PageID 561-562, 564, and

566-567. Thus, Defendants are "sellers" and Plaintiffs are "purchasers" under the statute.

**Known lead hazard reports.** Defendants admit that the City issued them the Order which included a Lead Based Paint Inspection and Lead Risk Assessment Report for the Property, and that the City later issued them a Notice of Compliance that included a Clearance Examination Report concerning lead hazards. SUF ¶¶ 4–14; Def. Responses at RFA #4, #7, Doc. 21-1 at PageID 562-563. City Records at CHD 003-075, Doc. 21-2 at PageID 573-645. These are precisely the "lead hazard evaluation report[s]" the statute requires a seller to disclose and provide. 42 U.S.C. § 4852d(a)(1)(B).

**Failure to disclose reports.** Defendants admit that, before the parties entered into the Contract to Purchase, they never provided Plaintiffs with any portion of the Order or the Notice of Compliance and never informed Plaintiffs that those documents existed; and that the same was true through closing. SUF ¶¶ 16-17, 22; Def. Responses at RFA #13, #14, #20, Doc. 21-1 at PageID 565 and 567. Defendants also admit that, rather than provide the reports in their possession, they affirmatively certified on the Disclosure Form that they had "no reports or records pertaining to lead-based paint and/or lead based paint hazards in the housing." SUF ¶ 20; Def. Responses at RFA #18, Doc. 21-1 at PageID 566; First Affidavit of Jennifer Foster at 3, Doc. 21-3 at PageID 649. As such, on these undisputed facts, Defendants failed to satisfy the disclosure and report-production requirements of § 4852d.

**D. Defendants "knowingly" violated the statute, because "knowingly" requires only knowledge of one's conduct, not knowledge that the conduct is unlawful.**

Defendants argue that they did not "knowingly" violate the RLPHRA because they allegedly acted in good faith and allegedly did not know of their legal duty to disclose. See Answer at Twelfth and Thirteenth Defenses, Doc. 17 at PageID 451; see also Def. Responses at RFA #23, Doc. 21-3 at PageID 567. That defense rests on a misunderstanding of the word "knowingly," and it fails as a matter of law.

Courts construing the RLPHRA have squarely rejected Defendants' position. For example, in *Smith v. Coldwell Banker Real Estate Services*, the court rejected an argument that defendants under the Act "cannot be liable for their inadvertence or inattentiveness." 122 F. Supp. 2d at 273. The court noted that the scienter requirement in the statute is "knowingly," which "as commonly used and interpreted means that defendant was aware of his or her conduct." *Id.* (citing BLACK'S LAW DICTIONARY 872 (6th ed. 1990)). The court therefore refused to read into the statute any requirement "of bad faith or willfulness," explaining that treble damages are "nondiscretionary once plaintiff demonstrates a knowing violation * * * without regard to [the seller's] motivation or bad faith." *Id.* at 273–74. Applying that standard, the court granted summary judgment establishing liability against a defendant who possessed a lead-paint report and failed to provide it to the purchasers before they were contractually bound, because the defendant offered no evidence rebutting the conclusion that "knowingly violated the Act by failing to ensure the purchasers were timely provided a copy of the lead paint report." *Id.* at 274.

Other courts agree that the "knowingly" standard "is to be construed as meaning that the defendant was aware of his or her conduct." *G.M.M. v. Kimpson*, 92 F. Supp. 3d 53, 71 (E.D.N.Y. 2015) (quoting *Smith*, 122 F. Supp. 2d at 273); accord *Benton v. Berkshire Richmond LLC*, Case No. 3:23CV704 (RCY), 2024 U.S. Dist. LEXIS 163924, *7 (E.D. Va. Sep. 11, 2024). This is a lesser standard than "willfully," which denotes an act that is "[v]oluntary and intentional, but not necessarily malicious." *Pellegrini v. Century 21*, Case No. 05-30077-MAP, 2007 U.S. Dist. LEXIS 54838 *21 (D. Mass. Jun. 29, 2007) (quoting BLACK'S LAW DICTIONARY (7th ed. 1999)).

Nothing in the "knowingly" standard requires that the seller have knowledge that nondisclosure is illegal; all that is required is for the seller to know what he is doing. This construction is consistent with the "common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally." *Jerman v. Carlisle, McNellie, Rini, Kramer, & Ulrich, L.P.A.*, 559 U.S. 573, 585 (2010) (quoting *Barlow v. United States*, 32 U.S. 404 (1833)). It also accords with the U.S. Supreme Court's consistent reading of "knowingly" in federal liability statutes. In *Bryan v. United States*, the Court explained that "the term 'knowingly' does not necessarily have any reference to a culpable state of mind or to knowledge of the law." 524 U.S. at 192. Thus, the Court held, "unless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense," not knowledge that those facts amount to a violation of law. *Id.* at 193. The Court went on to emphasize that, under a "knowingly" standard, the "background presumption that every citizen knows the law makes it unnecessary

13

to adduce specific evidence to prove that an evil-meaning mind directed the evil-doing hand." *Id.* at 193. The Court has re-affirmed these principles multiple times. *Elonis*, 575 U.S. at 752 ("It has long been settled that 'the knowledge requisite to knowing violation of a statute is factual knowledge as distinguished from knowledge of the law.'") (quoting *Bryan*, 524 U.S. at 192); *Dixon v. United States*, 548 U.S. 1, syl. pt. 1 (2006) ("'knowingly' * * * 'merely requires proof of knowledge of the facts that constitute the offense'") (quoting *Bryan*, 524 U.S. at 193).

Applied here, "knowingly" for purposes of § 4852d asks only whether Defendants knew the facts that made their conduct a violation—that is, whether they knew of lead hazard reports related to the Property and knew they were not providing those reports to Plaintiffs. And the undisputed record answers both questions affirmatively. Defendants admit they received the Order, the Notice of Compliance, and the reports contained therein. SUF ¶¶ 4–14; Def. Responses at RFA #4, #7, Doc. 21-1 at PageID 562-563; City Records at CHD 003-060, Doc. 21-2 at PageID 573-645. Defendants further admit that they did not provide those documents to Plaintiffs; indeed, they affirmatively certified that no such records existed. SUF ¶¶ 16-17, 20, 22; Def. Responses at RFA #13, #14, #18, #20, Doc. 21-1 at PageID 565-567; First Affidavit of Jennifer Foster at 3, Doc. 21-3 at PageID 649.

Thus, like the defendant in *Smith*, Defendants "knowingly violated the Act by failing to ensure the purchasers were timely provided a copy of the lead paint report." 122 F. Supp. 2d at 274.

14

Defendants' professed ignorance of their legal obligation is therefore beside the point. Their reading (that a seller escapes liability whenever he is unaware of the disclosure duty) would reward sellers for not learning the law and would gut the statute's protective purpose, leaving the least-informed sellers the least accountable. The statute's text, the U.S. Supreme Court's construction of "knowingly," and precedent from other courts applying § 4852d all foreclose Defendants' argument.

**E.      Defendants' remaining defenses do not create a material issue of fact to prevent partial summary judgment on liability.**

In order to evade partial summary judgment on liability, the Defendants must offer probative evidence that could lead a rational jury to find in their favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). This requires demonstrating more than "some metaphysical doubt as to the material facts." *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support" of Defendants' position is not enough. *Anderson*, 477 U.S. at 252. And nothing in the record thus far indicates that Defendants have any viable defense on the question of whether they knowingly violated 42 U.S.C. § 4852d(a)(1)(B).

Defendants argue that they "did not have possession" of the Order or Notice of Compliance. Def. Response at RFA #23, Doc. 21-1 at PageID 567; Answer, Doc. 17 at PageID 452. But actual possession is not a prerequisite to the duty of disclosure under § 4852d, and the undersigned counsel is not aware of any court holding as much. This Court should not be the first to create such an atextual exemption, which would incentivize sellers and landlords to discard or "misplace" lead hazard reports in an effort to evade liability.

15

Defendants' remaining affirmative defenses focus on "losses and damages" (including the proximate cause, mitigation, and comparative fault). Doc. 17 at Page ID 449-451. But these defenses merely go to the amount of damages, not to whether a violation occurred, and therefore pose no obstacle to a liability determination. By withholding the Order and Notice of Compliance, Defendants caused Plaintiffs to acquire the Property without the material information regarding the risks, responsibilities, and obligations of ownership that federal law required purchasers to receive before becoming obligated under the purchase contract. Plaintiffs have been damaged as a result of Defendants' conduct, but they do not seek a ruling in this motion as to the particular dollar amount of the damages they have incurred. Because Plaintiffs have demonstrated each element of Defendants' knowing violation of the statute, the Court can and should simply rule that Defendants are liable for treble damages, while reserving a determination of the particular dollar amount of damages for trial. *Smith*, 122 F. Supp. 2d at 273 ("[T]he damages available under § 4852d are nondiscretionary once plaintiff demonstrates a knowing violation."); *Heeter*, 2017 U.S. Dist. LEXIS 154564, * 12 ("Rule 56 clearly empowers a court to enter summary judgment which decides only the issue of liability and allows for a trial on the matter of damages.").

## IV.    CONCLUSION

Because the operative facts are undisputed and Defendants' only defenses are legally untenable, no reasonable jury could find that Defendants did not knowingly violate § 4852d of the RLPHRA. Defendants admit that they were sellers of pre-1978

16

target housing; that they knew of lead-hazard orders and reports concerning the Property; and that they knowingly failed to provide those orders and reports to Plaintiffs before the sale, instead certifying that none existed. Defendants' only defenses are that they were unaware of their legal duty and did not actually possess the orders and reports that the City issued, which are no defenses at all.

Plaintiffs therefore respectfully request that the Court grant partial summary judgment in their favor on liability as to Count I, enter an order establishing that Defendants knowingly violated the RLPHRA, and set the matter for trial on the amount of Plaintiffs' actual and treble damages.

Date: July 16, 2026

Respectfully submitted,

*/s/ J.P. Burleigh*
J.P. Burleigh (0101560)
Sean S. Suder (0078535)
SUDER, LLC
1502 Vine Street, Fourth Floor
Cincinnati, OH 45202
(513) 694-7500
jp@ssuder.com
sean@ssuder.com
*Counsel for Plaintiffs Jesse*
*Brumbaugh and Jennifer Foster*

17

# CERTIFICATE OF SERVICE

I hereby certify that foregoing motion was electronically filed through CM/ECF this 16th day of July, 2026 and sent by email to the below persons, pursuant to Fed. R. Civ. P. 5(b).

Christopher R. Jones (0092351)
Jeffrey M. Nye (0082247)
SSP Law Co., L.P.A.
2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2708
(513) 533-2999 (fax)
crj@sspfirm.com
jmn@sspfirm.com
*Counsel for Defendants*
*Barrett Singleton and Claire Singleton*

Respectfully submitted,

*/s/ J.P. Burleigh*
J.P. Burleigh (0101560)
*Counsel for Plaintiffs Jesse*
*Brumbaugh and Jennifer Foster*

18